UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

                        CRIMINAL NO. 03-188-FJP-DLD

VERSUS                     (CV 08-157-FJP-DLD)

GREGORY GORDON


**RULING ON DEFENDANT'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE**

Gregory Gordon has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[1] For reasons which follow, defendant's motion is denied.

On October 15, 2003, Gregory Gordon was indicted for possession with the intent to distribute 50 kilograms or more of marijuana, in violation of 18 U.S.C. § 841(a)(1). On July 19, 2004, the United States filed a bill of information alleging that on or about May 3, 1994, the defendant was convicted in the Fifteenth Judicial District Court, Lafayette Parish, Louisiana, under Criminal Number 66624, of possession with the intent to distribute marijuana and that by virtue of this prior felony conviction, he was eligible to increased punishment pursuant to 21 U.S.C. § 851.

By filing the bill of information, the Government sought to increase the defendant's statutory penalty to a term of

_____

[1] Rec. Doc. No. 66.

Doc#45394

imprisonment of not more than ten years, a fine of $500,000, or both.[2]  The maximum penalty prior to the bill of information filed by the Government was not more than five years, a fine of $250,000, or both.[3]

On January 25, 2005, the defendant pled guilty as charged before U. S. District Judge Frank J. Polozola.  On June 8, 2005, the Court found the defendant qualified for enhanced penalties by virtue of his prior felony state court drug conviction.  The Court then sentenced the defendant to serve 120 months in the custody of the Bureau of Prisons.  Defendant appealed his sentence, but the Fifth Circuit Court of Appeals affirmed the defendant's conviction and sentence.

On March 17, 2008, defendant filed this § 2255 motion alleging his sentence should be set aside on the following grounds:

1.   The Court should have applied a standard of proof beyond a reasonable doubt rather than preponderance of evidence to establish the existence of his prior conviction for purposes of increasing the statutory penalty.

2.   The first offender pardon for the prior state court felony drug conviction in the Fifteenth Judicial District Court, Lafayette Parish, precluded its use as a basis to enhance the statutory penalty for possession with the intent to distribute 50 kilograms or more of marijuana.

3.   The Government filed its motion seeking to punish the defendant as a recidivist, even though it knew that the defendant had already received a first offender's pardon for his earlier drug conviction.

---

[2] *See* 21 U.S.C. § 841(b)(1)(D).

[3] *See* 21 U.S.C. § 841(b)(1)(D).

4. Defendant received ineffective assistance of counsel when his attorney failed to investigate and learn that the defendant had received a first offender pardon for the state court felony drug conviction in the Fifteenth Judicial District Court, Lafayette Parish.

In his petition, the defendant has also requested a reduction of his guideline imprisonment range based on an amendment made on November 1, 2007, to the United States Sentencing Guidelines. Defendant contends the amendment reduced his guideline offense imprisonment range to 37-41 months and the Court should reduce the guideline range to 37-41 months.

It is clear that defendant's first offender pardon for the state court felony drug conviction did not prevent that conviction from being used by the Court to increase the statutory penalty for the federal charge to which the defendant pled guilty. Defendant argues that his pardon, which was granted pursuant to LSA-R.S. 15:572, prevents the Court from using his earlier state court conviction to enhance the statutory maximum penalties set forth in 21 U.S.C. § 841(b)(1)(D). To support his argument, the defendant attached a copy of a letter dated July 26, 1999, which he received from the Louisiana Department of Public Safety and Corrections captioned "Verification of First Offender Pardon" to establish he had been pardoned. While the Court agrees that the letter stated the defendant "met the requirements for an automatic first offender pardon," as outlined in R.S. 15:572, and that the defendant was "fully pardoned" for his state court drug conviction as a first

Doc#45394                                    3

offender, the defendant confuses the effect of a first offender pardon with a full and complete pardon granted by the Governor. Thus, the Court was authorized to apply the enhanced penalty on his federal court conviction.

Although the defendant was pardoned pursuant to the provision of LSA-R.S. 15:572, this particular statute allows those pardoned as a first offender to be charged and punished as a second or multiple offender.[4]  The first offender pardon is not the same as a full and complete pardon from the Governor, which would otherwise prevent a conviction from being used to increase a statutory penalty.[5]

Although the defendant received a first offender pardon for an earlier drug trafficking conviction, had the defendant been convicted in state court for a second felony offense, the defendant would have been eligible to be punished as a recidivist in state court because of the prior drug trafficking felony conviction.  As the Government contends in its memorandum, "No reason exists why such a conviction could not likewise be used to punish a drug trafficker as a recidivist for violating federal drug trafficking laws."[6]

---

[4] *See* LSA-R.S. 15:472(e).

[5] *State v. Lemoinse*, 05-265 (La. App. 5 Cir. 11/29/05); 919 So.2d 727, 729-730.

[6] Government's memorandum in opposition to defendant's motion to vacate, set aside, or modify sentence, rec. doc. no. 68, p. 4.

A drug trafficker may be punished in federal court as a recidivist if the Government files a bill of information pursuant to 21 U.S.C. § 851.[7]  The purpose of this statute is to target recidivists.[8]  Neither 21 U.S.C. § 851 nor § 841(b)(1)(D) contain an exemption like that found in 18 U.S.C. § 921(a)(20) which exempts defendants from Armed Career Criminal Act enhanced sentencing who have had their civil rights restored.[9]

Therefore, the Court finds that the defendant's first offender pardon did not prevent the Court from using his earlier state court drug conviction as a basis to punish defendant as a recidivist pursuant to 21 U.S.C. §§ 851 and 841(b)(1)(D).[10]

The defendant also contends that his constitutional rights were violated when he was sentenced as a recidivist using "preponderance of the evidence" as the standard of proof rather than the stricter standard of "proof beyond a reasonable doubt."

Neither the due process clause nor the Sixth Amendment require

---

[7] *United States v. Odeneal,* 517 F.3d 406, (6th Cir. 2008).

[8] *United States v. Hughes*, 924 F.2d 1354, 1361 (6th Cir. 1991); and *United States v. Kinsey*, 843 F.2d 383, 391 (9th Cir. 1988) (reversed on other grounds).

[9] *See* 18 U.S.C. § 924(e).

[10] Under state law, notwithstanding such a pardon, a defendant could be prosecuted for possession of a firearm by a convicted felon.  *See State v. Wiggins*, 432 So.2d 234, 236-237 (La. 1983). A defendant who has received a first offender pardon may also be federally prosecuted for possession of a firearm by a convicted felon.  *See United States v. Richardson*, 168 F.3d 836, 839-840 (5th Cir. 1999).

a prior conviction be proven beyond a reasonable doubt in order to punish a defendant as a recidivist.[11]

Therefore, the Court applied the proper standard of proof. In fact, no matter which standard of proof was applied by the Court, it is clear that the prior state court conviction was clearly established in the record. In fact, even the letter produced by the defendant established beyond a reasonable doubt that the defendant was convicted in state court of a drug offense in addition to the other evidence of the drug conviction set forth in the record.

Finally, the defendant claims that he received ineffective assistance of counsel from his attorney because the attorney did not urge that defendant received a first offender pardon nor did he discover it. The defendant's claim is without merit. Since the Court has found the Court can use the enhanced penalty in defendant's federal court conviction, it did not matter whether defendant's attorney argued this to the Court or even knew about it. Since defendant was not prejudiced, his ineffective assistance of counsel claim is without merit.[12]

Therefore;

---

[11] *United States v. Davis*, 487 F.3d 282, 287 (5th Cir. 2007); *United States v. Bennett*, 469 F.3d 46, 51 (1st Cir. 2006); *United States v. Snype*, 441 F.3d 119, 148 (2nd Cir. 2006); *United States v. Gibson*, 434 F.3d 1234, 1246-1247 (11th Cir. 2006); *United States v. Cheek*, 415 F.3d 349, 352-353 (4th Cir. 2005).

[12] *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

IT IS ORDERED that defendant's motion to vacate, set aside, or modify sentence is denied.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, September 18, 2008.


FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA